FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 08 2025 ★

BROOKLYN OFFICE

## THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

CHERMO TOURE,

    Plaintiff,

vs.

City of New York, New York Police Department, Administration for Children's Services (ACS), Department of Social Services (DSS), New York City Sheriff's Office, John Doe 1-10 (NYPD), John Doe 1-10 (ACS/DSS),

    Defendants.

**JURY TRIAL DEMANDED**

**ORIGINAL**



Plaintiff Chermo Toure files this civil action under 42 U.S.C. § 1983 for transgressions of his constitutional rights arising from the wrongful criminalization, deprivation of parental rights, false arrests, and discriminatory handling of family court related proceedings by New York City agencies and employees.

## JURISDICTION & VENUE

1. Jurisdiction arises under 28 U.S.C. § 1331 and 28 U.S.C. §1343(a)(3). The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367, to the extent such claims are asserted or amended into this action, as they arise from the same facts forming the basis of the federal claims.

2. Venue is proper under 28 U.S.C. § 1391(b)(1) because the events occurred in Staten Island (Richmond County), New York and 28 U.S.C. § 1391(b)(1) for continual transgressions.

## PARTIES

3. Plaintiff Chermo Toure, father of minor child Nefertiti Toure, resided within jurisdiction when these transgressions occurred (and continues). Plaintiff no longer lives on Staten Island.

4. Defendant City of New York is responsible for policies, training, supervision of Administration of Children Services (ACS), Department of Social Services (DSS), New York Police Department (NYPD) & New York City Sheriff's Office.

5. Defendant NYPD and its officers conducted multiple arrests of Plaintiff without probable cause. Officers remain unnamed pending discovery.

6. Defendant ACS & DSS jointly conducted delayed and defective investigations depriving Plaintiff of parental access without lawful basis. ACS & DSS staff members remain unnamed pending discovery.

7. Defendant NYC Sheriff's Office improperly handled service, disclosed Plaintiff's protected address, and facilitated procedural deprivations.

## FACTUAL BACKGROUND

8. In 2022, Plaintiff filed a Family Court visitation petition (File No. 43600). He requested that his address be kept confidential. Plaintiff exercised parental rights in good faith, seeking lawful visitation and involvement in the life of his daughter. Confidentiality was ordered to protect Plaintiff's personal residence and prevent misuse by adversarial parties. Plaintiff reasonably relied on the court and its agencies to follow confidentiality protocols.

9. Despite this protection, the Sheriff's Office disclosed his address during attempted service, violating privacy and safety protocols. The unauthorized disclosure placed

Plaintiff at risk of harassment and retaliation by individuals hostile to his parental involvement. This disclosure also undermined the integrity of the Family Court directive and diminished Plaintiff's trust in the agencies tasked with enforcing lawful procedure.

10. After Plaintiff sought, he had received a threatening phone call from one of the Doe Defendants stating that if he continued [exercising his parental rights] they would go to the Richmond County District Attorney's Office and have a warrant issued for his arrest.

11. After Plaintiff won visitation in 2023, the NYPD arrested him based solely on unverified accusations, despite lack of evidence. The arrest was effectuated without eyewitness testimony, physical evidence, or corroboration. The incident demonstrates premature reliance on statements from the adverse parent without independent investigation. Officers failed to confirm whether Plaintiff had violated any protective order or whether he was even present at the alleged location.

12. Plaintiff informed NYPD and appointed counsel he was at work, provided timestamps, HR confirmation, and proof of location. These records included electronic sign-in documentation, employer verification, and time-tracking logs that objectively placed Plaintiff away from the alleged incident scene. Despite this exculpatory evidence, neither NYPD nor his assigned attorney acted to dismiss the allegations or prevent improper prosecution, demonstrating negligence, indifference, or willful disregard of innocence.

13. NYPD arrested Plaintiff again on later fabricated allegations, without physical evidence, investigation, or probable cause. The second arrest followed a similar pattern of conduct, where police accepted accusations without establishing probable cause. Plaintiff was not afforded meaningful due-process protections, heightening the continuing pattern of

criminalization used to interfere with his parental access. There were numerous other arrests.

14. ACS prolonged an investigation for nearly a year with repeated administrative "errors" while Plaintiff remained deprived of contact with his child. These delays included lost paperwork, rescheduled caseworker interviews, and failure to evaluate Plaintiff's evidence rebutting the allegations. Rather than facilitating timely resolution, ACS's inaction exacerbated deprivation of familial association and prolonged separation without justification.

15. Criminal charges were dismissed in 2024 with no conviction, satisfying favorable-termination requirements for malicious prosecution. Prosecutorial dismissal confirms that the charges lacked merit. This outcome not only satisfies the favorable-termination standard for 42 U.S.C. § 1983 malicious-prosecution claims, but reinforces that prior arrests arose from inadequate investigation and reliance on unfounded allegations.

16. Throughout 2022–2025, Plaintiff repeatedly sought parental access, but government agencies favored the other parent, causing unnecessary separation from his daughter. Requests for visitation compliance, enforcement of orders, and inquiry into obstruction were ignored or dismissed. Plaintiff's ability to maintain a relationship with his daughter deteriorated under prolonged agency action (or lack thereof), demonstrating procedural imbalance and unequal treatment.

17. Plaintiff suffered reputational damage, emotional trauma, financial loss, and deprivation of parental rights due to unconstitutional state conduct. Plaintiff's employment, social standing, and mental well-being were materially impacted. Legal fees, travel expenses,

lost work hours, and repeated court attendance further compounded economic strain. Emotional distress was (and still) heightened by ongoing uncertainty and continued separation from his daughter.

## ONGOING TRANSGRESSION

18. The constitutional deprivations described herein were not single, isolated acts; rather, they represent an ongoing pattern of state-facilitated interference with Plaintiff's parental rights, liberty interest, and freedom from unlawful restraint.

19. From January 2022 through 2025, Defendants collectively and continuously deprived Plaintiff of his Fourteenth Amendment parental liberty rights through delayed investigations, stalled proceedings, repeated arrests lacking probable cause, and systemic bias toward the mother despite lack of evidentiary support.

20. Each arrest, each delayed hearing, and each continued obstruction of access to Plaintiff's daughter formed part of the same ongoing course of misconduct, resulting in a continuous deprivation that remains active at the time of filing.

21. Under the Continuing Violation Doctrine, when constitutional injury is ongoing, the statute of limitations does not begin to run until the final act of the continuing deprivation. See *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (claims are timely made when based on a series of discriminatory acts continuing into the limitations period).

22. Plaintiff's injuries remain ongoing due to continuing separation from his child, lack of access to meaningful due-process relief, reputational impact of prior arrests, and continuing preference for the adversarial parent.

Accordingly, all claims herein are timely and properly before this Court.

## FIRST CAUSE OF ACTION

**FALSE ARREST (Fourth Amendment, 42 U.S.C. § 1983)- Against all Defendants**

## SECOND CAUSE OF ACTION

**MALICIOUS PROSECUTION (Fourth Amendment, 42 U.S.C. § 1983)- Against all Defendants**

## THIRD CAUSE OF ACTION

**DUE PROCESS TRANSGRESSION (Fourteenth Amendment, 42 U.S.C. § 1983)- Against all Defendants**

## FOURTH CAUSE OF ACTION

**EQUAL PROTECTION TRANSGRESSION (Fourteenth Amendment, 42 U.S.C. § 1983)**

## FIFTH CAUSE OF ACTION

***MONELL* LIABILITY AGAINST CITY OF NEW YORK**

# DAMAGES REQUESTED

Plaintiff seeks:

- Compensatory damages: $25,000,000
- Punitive damages where permitted

- Injunction restoring parental access rights
- Order expunging arrest/prosecution history
- Any further relief the Court deems just

## JURY DEMAND

Plaintiff respectfully requests trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED,

*Chermo Toure*

Chermo Toure (pro se)
chermotoure@gmail.com
9173626026
2906 Thompson Ave
Fort Wayne, Indiana 46807

9589 0710 5270 2685 2975 43

Retail

U.S. POSTAGE PAID
FCM LG ENV
FORT WAYNE, IN 46809
NOV 29, 2025

11201

$7.47

RDC 99    S2324D501793-15

FROM:

TO:

Pro Se Office
225 Cadman Plaza East
Brooklyn, New York 11201

FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
BROOKLYN OFFICE